IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHNNY ALVIN COOK, § § *Petitioner*, § § v. § § WILLIAM STEPHENS, § § *Respondent*. § | CIVIL ACTION No. H-13-3066 |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and life sentence for murder. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 6), to which petitioner filed a response (Docket Entry No. 8).

Based on careful consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case as barred by limitations.

## I. BACKGROUND

Petitioner was convicted of murder and sentenced to life imprisonment on September 10, 1997. The conviction was affirmed on appeal in 1999. Petitioner took no further legal action challenging the conviction until the filing of an application for state habeas relief on

January 14, 2013. The application was denied by the Texas Court of Criminal Appeals on July 31, 2013.

In the instant petition, filed on October 2, 2013, petitioner claims that trial counsel was ineffective in failing to call his girlfriend, Rosalyn Frazier, as a defense witness at trial. Petitioner testified at trial during guilt/innocence that he shot the complainant in self-defense because she was threatening to throw a knife at him. Petitioner explicitly testified under cross-examination that he did not know whether the complainant had actually thrown the knife when he shot her. R.R., Vol. 5, p. 239. Frazier, described by petitioner as "a known prostitute and drug addict having no permanent residence," had been with petitioner during the criminal offense. (Docket Entry No. 8, p. 5.) At petitioner's request, defense counsel located Frazier in the Harris County Jail and met with her prior to trial, but subsequently "told Petitioner that Miss Frazier would not make a good witness insinuating that her credibility would be a serious issue because of her extensive criminal history." *Id.*, p. 6. Trial counsel subpoenaed Frazier for trial and she was placed in a holding cell during the trial, but counsel did not call her as a witness. *Id.* Petitioner asserts here that he personally did not know what Frazier had seen because he immediately fled the scene after shooting the complainant and, as he states, "was on the run evading police authorities for approximately 2 months at which time [ I] lost all contact with Miss Frazier." (Docket Entry No. 8, p. 6.) Petitioner does not state, and the record does not show, that at any point petitioner asked trial

counsel about Frazier's potential testimony or requested counsel's help in locating Frazier following his conviction.

Trial counsel passed away on November 16, 2008, some ten years after the trial. *Ex parte Cook*, p. 59. On January 14, 2013, nearly sixteen years after his conviction and four years after counsel's death, petitioner filed an application for state habeas relief, claiming that trial counsel had been ineffective in failing to present Frazier as a defense witness at trial. Submitted with the state habeas application was an affidavit from Frazier, dated December 5, 2012. In the affidavit, Frazier stated that she saw the complainant draw back and throw the knife at petitioner, and that petitioner "fired one shot in self-defense." (Docket Entry No. 8, Exhibit B.) The affidavit was silent as to whether Frazier had given this information to trial counsel during their 1997 meeting or that she had been willing to testify at trial, and she provided no information regarding her whereabouts over the intervening sixteen years.

In denying the application for habeas relief, the state court made the following findings of fact:

1. On September 10, 1997, Applicant was convicted by a jury for murder and sentenced to confinement for life in prison[.]

2. Attorney R.E. 'Dick' Wheelan represented Applicant during the trial phase[.]

3. On December 2, 1999, the Fourteenth Court of Appeals delivered an unpublished opinion affirming the trial court's judgment[.]

3

>   4.  On March 8, 2000, the Fourteenth Court of Appeals issued mandate[.]
>
>   5.  On November 16, 2008, attorney Wheelan died[.]
>
>   6.  On January 25, 2013, Applicant filed a habeas application . . . challenging his conviction in [this] case on grounds of ineffective assistance by trial counsel[.]
>
>   7.  Applicant's unreasonable delay of over twelve years in pursuing habeas remedies resulted in Respondent being prejudiced in the ability to address the claims of ineffective assistance based on trial counsel's death[.]
>
>   8.  Applicant's claims of ineffective assistance of counsel should be barred based upon the equitable doctrine of laches[.]

*Ex parte Cook*, p. 59 (citations omitted).

Petitioner's application for state habeas relief was denied by the trial court on April 12, 2013. On May 28, 2013, petitioner filed with the trial court a "motion for the court to consider newly discovered evidence." The "newly discovered evidence" was an affidavit from petitioner's brother dated May 7, 2013, outlining the steps he had taken in locating Frazier and obtaining her affidavit. No ruling by the trial court appears in the record. Petitioner re-filed the motion with the Texas Court of Criminal Appeals on June 13, 2013.[1] The Texas Court of Criminal Appeals denied the motion on July 18, 2013, and denied petitioner's application for state habeas relief on July 31, 2013.

---

[1] Petitioner did not utilize the "mail box rule" in filing his motion. Moreover, his cover letter was dated May 10, 2013, but his certificate of service was dated "on or about" May 24, 2013. In light of these circumstances, the Court will refer to the June 13, 2013, filing date stamp shown on the motion as the date of filing.

Petitioner filed the instant federal habeas petition on October 2, 2013. Respondent argues that the petition is barred by the federal one-year statute of limitations. Petitioner asserts that he is entitled to equitable tolling because it took him over ten years to obtain Frazier's affidavit, and that the affidavit constitutes "new evidence" proving ineffective assistance of trial counsel.

## II. ANALYSIS

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Petitioner's conviction became final for purposes of AEDPA on January 2, 2000, when his time to file for discretionary review expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003). Limitations expired one year later, on January 2, 2001. His application for state habeas relief, filed well after that date, provided petitioner no tolling benefit. *See Medley v. Thaler*, 660 F.3d 833, 834–35 (5th Cir. 2011); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The instant petition, filed in 2013, is untimely by nearly twelve years.

In his response to the motion for summary judgment, petitioner argues that his federal petition is not untimely because it took him over ten years to locate Frazier and obtain her affidavit. He argues that, under these facts, he is entitled to equitable tolling on his claim that trial counsel was ineffective in failing to call Frazier as a witness.

A.   Alternative Commencement Date

In an abundance of caution, the Court will address the possible application of 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year limitation can commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The diligence must be "reasonable" due

diligence. *See Starnes v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008). Construing petitioner's claims liberally, an argument could be made that the factual predicate of his claim – that Frazier had witnessed the complainant throw the knife – could not be discovered through the exercise of reasonable due diligence until 2012, when his brother obtained Frazier's affidavit and petitioner "discovered" her knowledge of the incident. However, the argument would be specious.

The record shows that petitioner had an opportunity to look for Frazier and discover her knowledge during the two months he was actively and admittedly hiding from the police following the incident. His deliberate delay in attempting to discover Frazier's knowledge of the incident does not constitute the exercise of due diligence. Petitioner's lack of due diligence is further shown by his admitted delay in asking for his brother's help in locating Frazier during petitioner's incarceration; petitioner delayed seeking his help from 1997 to 2001.

Moreover, petitioner knew in 1997 that trial counsel had met with Frazier and discussed her background and knowledge of the incident; however, the record reveals no effort by petitioner to obtain the information from his attorney at any time between 1997 and the attorney's death in 2008. The record fails to support petitioner's argument that the factual predicate of his claim could not have been discovered through the exercise of due diligence until 2012. Section 2244(d)(1)(D) does not provide petitioner any basis for holding the petition timely.

B. <u>Equitable Tolling</u>

Nor is petitioner entitled to over a decade of equitable tolling. Equitable tolling applies only when a petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way" and prevented him from filing his federal petition on time. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2560–62 (2010). As discussed above, the record shows that petitioner did not diligently pursue his rights, as he elected to hide from authorities following the incident instead of attempting to obtain information from his sole defense witness. Nor, as noted before, did he diligently pursue his rights in waiting until 2001 to ask for his brother's help in locating Frazier.

More importantly, had petitioner pursued his ineffective assistance of trial counsel claim in a timely and diligent manner prior to expiration of limitations, trial counsel could have disclosed the information he obtained from Frazier and presented his reasons for not calling her as a witness, thus allowing the state courts to evaluate fully petitioner's claim of ineffective assistance. Petitioner fails to present probative summary judgment evidence that he could not have obtained the requested information from Frazier prior to 2012 or from trial counsel prior to 2008. For these same reasons, petitioner fails to establish that some extraordinary circumstance "stood in his way" and prevented him from filing his federal petition on time. Petitioner fails to show that he merits equitable tolling in this case.

Respondent is entitled to summary judgment dismissing petitioner's claims as barred by the AEDPA statute of limitations.

### C. Ineffective Assistance of Counsel

Even assuming petitioner's claim of ineffective assistance were timely, it has no merit. To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 667, 687 (1984). A failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment; actual prejudice must be shown. *Strickland*, 466 U.S. at 691. Actual prejudice is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.

Petitioner presents no probative summary judgment evidence establishing either deficient performance or actual prejudice. Specifically, he fails to establish that trial counsel

had not already been aware of Frazier's knowledge and her potential testimony and, in an exercise of professional judgment, elected not to present her as a witness. To the contrary, petitioner argues that trial counsel had not wanted to present Frazier as a defense witness due to her lengthy criminal history. Under the facts as stated by petitioner, counsel's decision would have been a matter of trial strategy which petitioner fails to establish as unreasonable. Moreover, Frazier does not state in her affidavit that counsel did not ask about her knowledge of the incident, nor does she state that she had been willing to testify at trial as to the allegations set forth in her affidavit.

Regardless, Frazier's testimony would not have established that petitioner acted in self defense or in defense of another in shooting the complainant. The jury was instructed that a person acts in self defense to the extent "he reasonably believes" the force or deadly force was necessary. *Ex parte Cook*, p. 53. At trial, petitioner testified that he had felt threatened by the complainant's waving a knife at him, and that he did not know whether she had thrown the knife at the time he shot her. The jury heard his testimony and the testimony of other witnesses, and ultimately rejected his claim of self defense. Frazier's potential testimony – that she saw the complainant throw the knife and petitioner fire one shot – would not have aided or established petitioner's claim of self defense, as the defensive issue looks only to what *petitioner* reasonably believed. Frazier's objective view – that the complainant had thrown the knife – did not alter petitioner's subjective testimony that he did not know whether she had thrown the knife when he shot her. Petitioner fails to show that, but for

10

counsel's failure to present Frazier as a witness, there is a reasonable probability that the result of the trial would have been different. No ineffective assistance of counsel is shown.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 6) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas on the 13th day of February, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE